UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAINT REGIS MOHAWK TRIBE,<br>  a federally recognized Indian Tribe<br><br>      Plaintiff,<br><br>v.<br><br>FRANKLIN COUNTY, NEW YORK<br><br>      and<br><br>FRANCES PERRY,<br>  in her official capacity as<br>  Treasurer of Franklin County<br><br>      and<br><br>EDWARD LOCKWOOD,<br>  in his official capacity as<br>  Chairman of the Franklin County<br>  Legislative Board<br><br>      Defendants. | Civil Action No. 8:23-cv-470 (LEK/DJS) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

    1.    Plaintiff Saint Regis Mohawk Tribe (the "Tribe") seeks relief from Defendants' imposition of an unlawful tax on tribal members who reside on its Reservation and trust lands.

    2.    Defendants have enforced, and continue to enforce, a County vehicle use tax ("Vehicle Use Tax") without authority and in a manner that violates federal law, impermissibly restricts and burdens the right of the Tribe and its members to own and operate their motor vehicles, and unlawfully infringes on the Tribe's interest in self-government.

## PARTIES

3. The Tribe is a federally recognized Indian tribe which governs the Saint Regis Mohawk Indian Reservation located in Akwesasne, New York, and other lands owned by the Tribe, and whose seat of government is located on the Reservation.

4. Franklin County (the "County") is a county in the State of New York. Its county seat is located in Malone, New York.

5. Frances Perry is the Treasurer of Franklin County. In this capacity, she oversees the Franklin County Office of Treasury (the "Department"), the agency that administers and enforces the Vehicle Use Tax in question. She is sued in her official capacity.

6. Edward Lockwood is the Chairman of the Franklin County Legislature, which is the governing body of the County and adopts the laws, ordinances, resolutions that apply to the County, including various taxes and fees. He is sued in his official capacity.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1362.

8. Venue in this Court is proper under 28 U.S.C. § 1391(b).

## FACTS

9. The Saint Regis Mohawk Indian Reservation was established by the Treaty of May 31, 1796, 7 Stat., 55 ("the 1796 Treaty"). The Tribe exercises sovereign authority and governmental jurisdiction over the Reservation and other lands owned by the Tribe, which constitute "Indian country" as defined by federal law and for purposes of determining the scope and validity of state tax and regulatory jurisdiction over the Tribe, its members, and their activities.

10. There are approximately 16,500 enrolled Saint Regis Mohawk tribal members, approximately 8,000 of whom reside on the Tribe's Reservation and trust lands in Akwesasne, New York.

11. Many tribal members own and operate motor vehicles that are registered by the New York State Department of Motor Vehicles ("DMV") at its office at Malone, New York, in Franklin County.

12. As a condition precedent to operating a vehicle on public highways within the State of New York, the vehicle must be lawfully registered. *See* NY VTL § 401-1.a. Operating a vehicle within New York which is not lawfully registered is an offense that results in a fine and/or imprisonment. *See id.* § 401-18.

13. Motor vehicle registration is required on a bi-annual basis. At registration the owner must pay a registration fee and a separate County vehicle use tax. Under New York law, vehicle use taxes are imposed by Counties and collected by the DMV in conjunction with registration. *See* 15 CRR-NY §§ 29.1, 29.2.

14. The County has adopted a Vehicle Use Tax of $5 per year on motor vehicles weighing 3,500 lbs. or less and $10 per year for motor vehicles weighing in excess of 3,500 lbs. *See* 15 CRR-NY § 29.12(ai).

15. There is no pre-deprivation procedure to challenge the Vehicle Use Tax.

16. The State of New York exempts members of Indian tribes from the DMV registration fee if they file a DTF-803 Certificate. However, the DMV does not accept the 803 Form for an exemption from the Vehicle Use Tax.

#209966281_v1

17. The County has provided certain exemptions from the Vehicle Use Tax for various non-profits, charities and even farm vehicles. But it has not provided for an exemption for tribal members who reside in Indian country.

18. Over the years tribal members have complained about the lack of an exemption and the Tribe has brought this matter to the County's attention. By a letter dated May 24, 2013, the Tribe requested that the County exempt tribal members from the Vehicle Use Tax and noted that the U.S. Supreme Court ruled in 1993 that states cannot impose such a tax on tribal members who reside in Indian country. *See Oklahoma Tax Comm'n v. Sac & Fox Nation*, 508 U.S. 114 (1993).

19. The County has done nothing to end this unlawful levy although the Tribe has repeatedly written to it about this matter over the past ten years. During this time the County, among other things, sought to shift blame to the DMV, saying that it was the State's responsibility to grant an exemption.

20. On March 6, 2020, Tribal Sub Chief Kenneth Jock and the Tribe's General Counsel, Dale White, met with the Franklin County Legislature and requested that the County provide a specific exemption so that tribal members would not have to pay the Vehicle Use Tax. The Tribe even provided a sample Certificate that could be used to effectuate the exemption.

21. The County, however, has not responded to the Tribe's request or provided for the requested exemption from the Vehicle Use Tax.

22. It is estimated that more than 4,000 tribal members own and operate motor vehicles within the Tribe's Reservation and trust lands, and that some 5,000 motor vehicles are currently "garaged" on this tribal territory.

#209966281_v1

23. The Tribe estimates that the County has illegally collected over $400,000 in Vehicle Use Taxes from tribal members since the Tribe first protested the imposition of this tax.

## FIRST CLAIM FOR RELIEF—DECLARATORY JUDGMENT

24. The Tribe re-alleges and incorporates by reference the allegations of paragraphs 1-23 above, as if fully set forth herein.

25. Under the U.S. Constitution and the 1796 Treaty, the County lacks jurisdiction to impose the Vehicle Use Tax on members of the Tribe who reside on the Tribe's Reservation or trust lands.

26. Because the County never had authority to levy the Vehicle Use Tax against tribal members who reside on the Tribe's Reservation or trust lands, and because those tribal members paid the Vehicle Use Tax under duress, the County must refund those taxes to the tribal members.

27. The Tribe is entitled to a judgment declaring that (1) the County cannot collect the Vehicle Use Tax from members of the Tribe who, at the time the tax is due, reside on the Tribe's Reservation or trust lands; and (2) the County must refund with interest all Vehicle Use Taxes paid by members of the Tribe who, at the time the tax was paid, resided on the Tribe's Reservation or trust lands.

## SECOND CLAIM FOR RELIEF—INJUNCTIVE RELIEF

28. The Tribe re-alleges and incorporates by reference the allegations of paragraphs 1-27 above, as if fully set forth herein.

29. The Tribe is entitled to injunctive relief permanently enjoining the County from collecting the Vehicle Use Tax from members of the Tribe who, at the time the tax is due, reside on the Tribe's Reservation or trust lands, and requiring the County to refund with interest all

Vehicle Use Taxes paid by members of the Tribe who, at the time the tax was paid, resided on the Tribe's Reservation or trust lands.

## PRAYER FOR RELIEF

**WHEREFORE**, the Tribe respectfully requests that the Court enter judgment in favor of the Tribe and against Defendants:

A. Declaring that the County cannot collect the Vehicle Use Tax from members of the Tribe who, at the time the tax is due, reside on the Tribe's Reservation or trust lands; and that the County must refund with interest all Vehicle Use Taxes paid by members of the Tribe who, at the time the tax was paid, resided on the Tribe's Reservation or trust lands.

B. Permanently enjoining the County from collecting the Vehicle Use Tax from members of the Tribe who, at the time the tax is due, reside on the Tribe's Reservation or trust lands, and requiring the County to refund with interest all Vehicle Use Taxes paid by members of the Tribe who, at the time the tax was paid, resided on the Tribe's Reservation or trust lands;

C. Awarding the Tribe its expenses and fees, including reasonable attorneys' fees; and

D. Granting the Tribe such other relief as the Court deems just and proper.

Dated: New York, New York.
April 14, 2023

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:  /s/ Sean C. Sheely
Sean C. Sheely (Bar No. 2604684)
31 West 52nd Street
New York, NY 10019
Tel: (212) 513-3200
Fax: (212) 385-9010
sean.sheely@hklaw.com

*Attorneys for Plaintiff*
*Saint Regis Mohawk Tribe*

#209966281_v1